UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| J. D. JONES BARTON,<br><br>                 Petitioner,<br><br>   v.<br><br>PATRICK R. GLEBE,<br><br>                 Respondent. | No. C10-5511 RJB/KLS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Before the court is Petitioner's motion for reconsideration of the court's Order (Dkt. 6) denying petitioner's request for the appointment of counsel. Dkt. 13. Having considered the motion, the court finds that it should be denied.

**DISCUSSION**

Motions for reconsideration are disfavored and will ordinarily be denied in the "absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence." Local Rule CR 7(h)(1). Mr. Barton has identified no error in the court's Order, nor presented any new facts or legal authority to suggest reconsideration is appropriate.

Mr. Barton complains that he requires counsel to assist in the compilation of the state court record and in an evidentiary hearing. However, the state court record has not yet been

ORDER - 1

submitted by Respondent and the court has not yet determined whether an evidentiary hearing is necessary.

A.   **Evidentiary Hearing**

The decision to hold a hearing is committed to the court's discretion. *Williams v. Woodford*, 306 F.3d 665, 688 (9th Cir. 2002). The petitioner bears the burden of showing the need for a hearing. *Pulley v. Harris*, 692 F.2d 1189, 1197 (9th Cir. 1982), rev'd on other grounds, 465 U.S. 37 (1984); *Baja v. Ducharme*, 187 F.3d 1075 (9th.Cir. 1999). An evidentiary hearing is not required unless the petitioner alleges facts which, if proved, would entitle him to relief. *Townsend v. Sain*, 372 U.S. 293, 312 (1963). The petitioner must produce some evidence demonstrating the existence of a genuine question of material fact. *Morris v. State of California*, 966 F.2d 448, 454-55 (9th Cir. 1991), cert. denied, 506 U.S. 831 (1992) (Wishful suggestions cannot substitute for declaratory or other evidence.) A hearing is not required if the claim presents a purely legal question, or if the claim may be resolved by reference to the state court record. *Campbell v. Wood*, 18 F.2d 662, 679 (9th Cir.) (en banc), cert. denied, 114 S. Ct. 2125 (1994).

The petition has been served, but the time for filing Respondent's answer and the time for the court's review of the petition has not yet passed. Accordingly, it has not yet been determined whether the claims presented by Petitioner may be resolved solely by reference to the state court record. Therefore, Petitioner's request for an evidentiary hearing is denied at this time.

B.   **State Court Record**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court's power to upset a state court's adjudication of a criminal case is very limited. A federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in the state

ORDER - 2

courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d).  A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Rule 5(c) of the rules governing § 2254 cases provides that the respondent shall indicate in the answer to a habeas petition what transcripts are available and what proceedings have been recorded but not transcribed.  The State must attach to its answer any parts of the transcript it deems relevant.  Once this is done, the court, on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished.  Rules Governing Section 2254 Cases in the U.S. Dist. Cts., 28 U.S. C. Pt. VI, ch. 153, Rule 5 (emphasis added); *Simental v. Matrisciano*, 363 F.3d 607, 612 (7th Cir. 2004).  As noted by the *Simental* court, on habeas review, except in limited circumstances, the district court does not make independent factual determinations.  *Id*. citing 28 U.S.C. § 2254(e); *United States ex rel. Green v. Greer*, 667 F.2d 585, 586 (7th Cir. 1981) (an examination of a record is not required if the petitioner fails to identify any incompleteness or inaccuracies in the facts before the district court.)

The Ninth Circuit's holding in *Richmond v. Ricketts*, 774 F.2d 957 (9th Cir. 1985), requiring that the district court examine all relevant parts of the state court record, is not inconsistent with these holdings or Rule 5.  Under Rule 5, the determination of relevance is left to the discretion of the respondent.  A demand for further documentation can only be executed

ORDER - 3

by court order *sua sponte* or by request of the petitioner.  § 28 U.S.C.A. 2254, Rule 5, Advisory Committee Notes, 1976 Adoption.  Upon such a request the burden is placed on the petitioner to prove to the court that the excluded materials requested are relevant and necessary.  When a dispute concerning relevance arises, the burden is on the petitioner to prove to the court that the excluded materials are necessary for the petition.  *Richmond v. Ricketts*, 640 F.Supp. 767 (Ariz. 1986).

After Respondent has answered and submitted the relevant state court record and assuming Petitioner finds that record to be deficient, then 28 U.S.C. § 2254(f) provides that the burden shifts to Petitioner to produce those parts of the record pertinent to his claims.  That subsection further states that if the Petitioner, because of indigency or other reason is unable to produce such part of the record, then the State shall do so and the court shall direct the State to do so by order directed to an appropriate State official.  *Id*.  The subsection further provides that if any of the pertinent record cannot be provided, the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.  *Id*.

Accordingly, it is **ORDERED:**

(1) Petitioner's motion for reconsideration and requests for evidentiary hearing and expansion of the record (Dkt. 13) are **DENIED**;

(2) The Clerk shall send a copy of this Order to Petitioner and to counsel for Respondent.

DATED this  30th  day of August, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4