**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| J.D. JONES BARTON,<br><br>                 Petitioner,<br><br>    v.<br><br>PATRICK R. GLEBE,<br><br>                 Respondent. | NO. C10-5511 RJB/KLS<br><br>ORDER DENYING RESPONDENT'S MOTION TO STAY AND DIRECTING ORDER TO SHOW CAUSE |

Before the court is Respondent's motion to stay (Dkt. 21) the federal habeas corpus petition of Petitioner J.D. Jones Barton until all of Mr. Barton's pending state court cases have been completely adjudicated. Mr. Barton objects to the stay. Dkt. 22. Having reviewed the motion, objection, and balance of the record, the undersigned finds that it is improper to stay these proceedings and directs Mr. Barton to show cause why this case should not be dismissed without prejudice for failure to exhaust administrative remedies.

**BACKGROUND**

Mr. Barton filed his federal habeas corpus petition in July 2010. Dkt. 1. Based on information obtained by counsel's staff in searching Mr. Barton's state court files, it appears that Mr. Barton has several related cases pending within the Washington state courts. Dkt. 21, p. 1. Respondent has received two completed Washington Court of Appeals files under Court

ORDER  1

of Appeals' Cause Nos. 39234-8-II and 40198-3-II, but there are also several other state court actions that are pending at this time, including Washington Court of Appeals' Cause No. 40885-6-II. *Id.*, p. 2. In that case, Mr. Barton filed a personal restraint petition in the Washington Court of Appeals on April 22, 2010. *Id.*, Exh. 1 (Event Data Screen, Case Events No. 40885-6). Mr. Barton filed a motion for stay and Cause No. 40885-6 remains pending at this time.

In Washington Court of Appeals' Cause No. 40507-5-II, Mr. Barton filed a notice of appeal on October 19, 2009. *Id.*, Exh. 2 (Event Data Screen, Case Events No. 40507-5). Appellant's Brief was filed on June 3, 2010, and the Respondent's brief was recently filed on August 3, 2010). *See id.* That case is also pending at this time.

Additionally, in Washington Supreme Court Cause No. 84735-5, an appeal is pending in the Washington Supreme Court. *Id.*, Exh. 3 (Event Data Screen, Case Events No. 84735-5). Appellant's Brief is not due until December 23, 2010.

Finally, Washington Supreme Court Cause No. 83765-1, is also pending. *Id.*, Exh. 4 (Event Data Screen, Case Events No. 83765-1). The most recent entry in Exhibit 4 reflects that the Washington Supreme Court case file in that matter was sent to the Washington Court of Appeals, Division II on March 30, 2010.

**DISCUSSION**

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).

In *Rhines v. Weber*, 544 U.S. 269, 274-279 (2005), the Supreme Court approved the "stay-and-abeyance" procedure for mixed petitions in light of the potential dilemma posed by the AEDPA statute of limitations, 28 U.S.C. § 2244(d).  For petitioners who file mixed petitions and who are close to the end of AEDPA's one-year time limit, there is a probability that they will not have time in which to exhaust state remedies and refile in federal court before the limitations period runs.  In such cases, rather than dismissing the mixed petition outright pursuant to *Rose v. Lundy*, a district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims.  *Rhines*, 544 U.S. at 275.  Once he has exhausted his state remedies, the federal court will lift the stay and allow the petitioner to proceed on his now-exhausted claims.  *Id.* at 275-76.   The Supreme Court has emphasized, however, that this is a process to be used sparingly and under limited circumstances.  *Rhines*, 544 U.S. at 277.

In this case, it appears that Mr. Barton's habeas petition contains only unexhausted claims and is not a mixed petition.  A mixed petition is a petition containing both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *see also Rhines v. Weber*, 544 U.S. at 273.  "The Supreme Court repeatedly has instructed the district courts to dismiss "mixed" petitions containing any unexhausted claims." *See Greenwalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir. 1997).   Second, Mr. Barton presently has several cases pending within the Washington state courts.   Third, Mr. Barton has failed to demonstrate good cause for his failure to exhaust his claims prior to filing his federal habeas petition.

A stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. *Rhines*, 544 U.S. at 277 (emphasis added).

Accordingly, the court finds that a stay and abeyance in this case is not appropriate because Mr. Barton's petition is not a "mixed" petition and he has shown no good cause for his failure to exhaust.

Accordingly, it is **ORDERED:**

(1) Respondent's motion for a stay (Dkt. 21) is **DENIED**.

(2) Petitioner is directed to show cause why his petition should not be dismissed without prejudice for failure to exhaust **on or before November 12, 2010.**

(3) The Clerk shall send copies of this Order to Petitioner and to counsel for Respondent.

DATED this  5th  day of October, 2010.

Karen L. Strombom
United States Magistrate Judge