1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

J.D. JONES BARTON,

                 Petitioner,

   v.

PATRICK R. GLEBE,

                 Respondent.

NO. C10-5511 RJB/KLS

ORDER DENYING PETITIONER'S MOTION TO PROHIBIT TRANSFER AND ORDER EXTENDING PETITIONER'S TIME TO RESPOND TO ORDER TO SHOW CAUSE

     Before the court is Petitioner's Motion to Not Transfer Petitioner to Another DOC Facility Pursuant to FRAP 23(a)(d).  ECF No. 24.  Respondent filed a response opposing the motion.  ECF No. 26.  On November 9, 2010, Petitioner filed a notice that he was transferred and has not yet received his legal materials.  ECF NO. 27.  Having reviewed the motion, response and balance of the record, the court finds that Petitioner's motion should be denied, but that he should be given additional time to respond to the court's Order to Show Cause. ECF No. 23.

**BACKGROUND**

     Mr. Barton filed his federal habeas corpus petition on July 21, 2010.  ECF No. 1. Respondent filed a motion to stay Mr. Barton's habeas petition on September 3, 2010.  ECF No. 21.  The court issued an Order denying the Respondent's motion to stay and directed Mr.

Barton to show cause why his petition should not be dismissed without prejudice for failure to exhaust on or before November 12, 2010.  ECF No. 23.  On October 15, 2010, Mr. Barton filed the present motion requesting the court to prohibit the Department of Corrections (DOC) from moving him to another DOC facility.  ECF No. 24.  Mr. Barton argues that the DOC has no authority/jurisdiction to house/confine him and that his sentence is void on its face.  *Id.*, p. 4.

**DISCUSSION**

It is well established that the Secretary of the Department of Corrections alone has the statutory authority and discretion to determine the correctional institution in which any offender will reside.  RCW 72.02.210; RCW 72.02.240; RCW 72.68.010.  It is equally well established that  the Constitution does not guarantee that the convicted prisoner will be placed in any particular prison.  The initial decision to assign a prisoner to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another.  The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.  *Meachum v. Fano*, 427 U.S. 215, 224-228 (1976); *see also, Olim v. Wakinekona*, 461 U.S. 238, 245-46, 249 (1983).

Mr. Barton's reliance on Fed.R.App.P. 23(a) is misplaced.  That rule prohibits the transfer of custody of a prisoner pending review of a decision in a habeas proceeding without an order of the court rendering the decision.  The purpose of the rule is "to prevent prison officials from impeding a prisoner's attempt to obtain habeas corpus relief by physically removing the prisoner from the territorial jurisdiction of the court in which a habeas petition is pending."  *Goodman v. Keohane*, 663 F.2d 1044, 1047 (11th Cir.1981); see *Jago v. United*

*States District Court, Northern District of Ohio, Eastern Division at Cleveland*, 570 F.2d 618, 626 (6th Cir.1978).   It does not appear in this case that the state's transfer of Mr. Barton from the Stafford Creek Corrections Center to the Washington State Penitentiary violated Rule 23(a) since the transfer within this state does not defeat the jurisdiction of this court.  In addition, the court has not rendered any decision on the merits of Mr. Barton's habeas petition.  Rather, the court has directed Mr. Barton to show cause by November 12, 2010 as to why his petition should not be dismissed without prejudice for failure to exhaust.  ECF No. 23.

Since filing his motion, Mr. Barton was transferred from the Stafford Creek Corrections Center to the Washington Corrections Center in Shelton, Washington.  ECF No. 27.  Mr. Barton states that, as of November 9, 2010, he had not received his legal materials.  *Id.*

Accordingly, it is **ORDERED:**

(1)     Petitioner's Motion to Not Transfer (ECF No. 24) is **DENIED.**

(2)     Petitioner is granted an extension to file a response to the court's Order to Show Cause (ECF No. 23) until **December 17, 2010.**

(3)     The Clerk shall send copies of this Order to Petitioner and to counsel for Respondent.

DATED this  17th   day of November, 2010.

Karen L. Strombom
United States Magistrate Judge